UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AGUSTIN GARCIA,

        Plaintiff,

  v.                                Civil Action No. 08-5652 (JAP)

CORRECTIONAL MEDICAL SERVICES,
et al.

                                     **OPINION**

        Defendants.

PISANO, District Judge.

      This is a civil rights action brought by *pro se* Plaintiff Agustin Garcia, presently confined at New Jersey State Prison, alleging deliberate indifference to his medical needs by Defendants Correctional Medical Services ("CMS"), Medical Director John Doe, Administrator Michelle Ricci, and Chief of Custody William Moleins. Before the Court is a motion by CMS to dismiss or in the alternative for summary judgment. Plaintiff has opposed the motion and the Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons below, Defendant's motion is granted.

I.    <u>Background</u>

      As set forth in Plaintiff's Amended Complaint, Plaintiff alleges that he suffers from various serious medical conditions, for which he claims he has not received proper treatment. Specifically, those conditions include: (1) a serious hearing deficit, (2) cataracts, (3) a painful

rash, (4) reactions from an alleged overdose of medication Acyclovir, (5) a cardiac condition, (6) neurological damage following a head injury,[1] and (7) high triglyceride levels.

A.   Hearing Deficit

Plaintiff alleges that a medical report was issued on October 19, 2000, indicating that Plaintiff's hearing was deteriorating. He claims that his cell was next to a shower room that was too noisy and was causing his hearing to further deteriorate. It appears that Plaintiff requested to be relocated and was eventually moved. Plaintiff claims however, that his "arbitrary" change of location "add[ed] stress to the most stressful unit environment," and therefore increased his triglyceride level and caused a heart condition. Am. Compl. at 3. Plaintiff further claims that a hearing aid that he was given failed to "effectively resolve the hearing problems." *Id.* at 4.

B.   Cataracts

According to the Amended Complaint, Plaintiff underwent cataract surgery on April 18, 2007. Plaintiff alleges that he was prescribed four post-surgery medications at the hospital and was instructed to request these medications upon his return to the prison. The Amended Complaint alleges that Plaintiff never received any of the four medications. However, in a Remedy Form attached to the Amended Complaint, Plaintiff complains that only one of the four medications was unavailable, and states that he received the other three. *See* Attachment

---

[1] As set forth in this Court's earlier Opinion, this is Plaintiff's third complaint challenging failure to treat neurological symptoms following a 1999 head injury. See Garcia v. NJSP, 05-cv-3159 (D.N.J.); Garcia v. Bergen County Jail, 02-cv-2807 (D.N.J.). This Court construes the Amended Complaint as asserting claims with respect to symptoms arising only after the period covered by the previous complaints.

B-1.

C.   Rash

Plaintiff alleges that defendants failed to "perform meaningful testing and evaluation by dermatology of a severe buttock rash." Am. Comp. at 7. According to Plaintiff, he was given only over-the-counter medications that did not abate the itching from the rash.

D.   Acyclovir

According to the complaint, Plaintiff was being "served" a dose of 2800 milligrams of the drug Acyclovir daily and was taking another 800 milligrams from the supply he was given for his cell, for a total of 3600 milligrams daily. He claims he was prescribed only 800 milligrams per day, and the alleged overdose caused a rash and a cardiac condition.

E.   Cardiac Condition

According to Plaintiff, he is "now experiencing what appears to cardiac problems evidenced by severe chest pain, breathing problems, and alike." Am. Compl. at 10. Plaintiff claims defendants are deliberately indifferent to his condition because he is only being seen by nurses for this condition and defendants have not done "EKG testing nor any other meaningful testing" with respect to his condition. *Id.*

F.   Triglycerides

Plaintiff alleges that he has a triglyceride condition. Am. Comp. at 11. He alleges that although he has been seen by nurses and "physician pretenders" who are aware of this condition, they have not done "meaningful testing" to determine the underlying cause. *Id.* He also alleges that in 2006 he was not given his medication for this condition for a period of six

months.  *Id.*, Ex. F-1.

G.  Head Injury

Plaintiff suffered a head injury in 1999, and an MRI was done in 2005.  Plaintiff claims that defendants never treated him for the memory loss, attention span disorders and other consequences of the severe head injuries.

II.  Analysis

A.  Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  Not long ago, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the

4

allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 1949 (quoting *Twombley*, 550 U.S. at 570.)  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted).

B.   Summary Judgment Standard

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine

issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

C.   Deliberate Indifference Claim

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a

right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden County*, 95 F.Supp.2d 217, 228 (D.N.J. 2000); *Peterson v. Davis*, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105-06; *White*, 897 F.2d at 110.

Even if it were assumed that Plaintiff's medical conditions are serious enough to meet the first prong of the *Estelle* inquiry, his claims against CMS nevertheless fail. Supervisors and non-person entities like CMS are not liable under § 1983 solely on a theory of respondeat superior. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8 (1985); *Natale v.*

*Camden County Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

A plaintiff can only assert claims under 42 U.S.C. § 1983 against a non-person entity such as CMS if that entity maintained a policy or custom that caused the alleged constitutional violations. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Plaintiff has not alleged any facts to demonstrate a policy or custom of denying necessary medical care to inmates generally or Plaintiff specifically. Nothing in the Amended Complaint supports an inference that CMS maintained a policy that caused any alleged violation of Defendant's constitutional rights.

D. <u>Remaining Defendants</u>

To the extent that the Amended Complaint names William Moleins, Acting Chief of Custody, and Medical Director John Doe as defendants, the claims against them, like those against CMS, appear to be based solely upon an untenable theory of vicarious liability. This Court may dismiss, sua sponte, certain in forma pauperis and prisoner claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). Therefore, the claims

against those defendants will be dismissed with prejudice.

As to defendant Michelle Ricci, Administrator, Plaintiff's complaint, read liberally, states that Ricci had knowledge of and was deliberately indifferent to his medical needs because all of his grievances (as set forth in the numerous grievance forms attached complaints) were directly appealed to Ricci, and she "failed to exercise her authority to correct the problem." Because, however, the Amended Complaint asserts claims against Ricci in her official capacity only, those claims for monetary relief against Ricci shall be dismissed. The Eleventh Amendment provides state officials with immunity from suits for money damages in federal court brought against them in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). When acting in their official capacities, state officials are not persons for § 1983 purposes. *Will*, 491 U.S. at 71; *Hafer v. Melo*, 502 U.S. 21, 26 (1991) ( "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). "Although state officials literally are persons, an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." *Id.* (quotations omitted). The plaintiff here has brought this action against the Ricci only in her official capacity, and as such, the claims against her for damages must be dismissed.

Although the Eleventh Amendment immunizes state officers from monetary damages, such immunity generally does not apply to claims for injunctive relief to enjoin conduct alleged to be an ongoing violation of the Constitution or federal law. *Ex Parte Young*, 209 U.S. 123, 129, 28 S.Ct. 441, 52 L. Ed. 714 (1908). As far as injunctive relief, Plaintiff seeks

"an order compelling defendants to cease and desist their cruel and unusual treatment actions against" him.  Am. Comp. at 13.[2]  To overcome immunity, however, a plaintiff must allege an ongoing violation of federal law and seek injunctive relief on those specific grounds. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 134 L. Ed.2d 252 (1996); *Verizon Maryland Inc., v. Public Service Commission of Maryland*, 535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002).  Here, Plaintiff's claims against Ricci are based upon her prior actions.  Because there is no allegation of an ongoing violation of federal law upon which Plaintiff can base his claims for injunctive relief against Ricci, those claims against Ricci shall be dismissed.[3]

III.     Conclusion

For the reasons above, Defendants' motion is granted and the claims against CMS shall be dismissed with prejudice.  Additionally, the claims against William Moleins, Medical Director John Doe, and Michelle Ricci shall be dismissed with prejudice.  An appropriate Order accompanies this Opinion.


                                                            /s/ JOEL A. PISANO
                                                            United States District Judge

Dated:  April 20, 2010

---

[2] The page cited is actually numbered "7," but it follows page 12.

[3] Although the Amended Complaint states that declaratory relief is sought against Ricci as well, the complaint does not specify the declaratory relief sought.  This claim, therefore, shall be dismissed.